UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|   |   |
|---|---|
| BRIAN LUECKE, : | |
| : | CASE NO. 5:14-CV-00241 |
| Petitioner, : | |
| : | |
| v. : | OPINION & ORDER |
| : | [Resolving Docs. 1, 19] |
| ALAN LAZAROFF, WARDEN, : | |
| Mansfield Correctional Institution : | |
| : | |
| Respondent. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Brian Luecke seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1] Upon referral, Magistrate Judge Vecchiarelli issued a Report and Recommendation ("R&R") recommending that the petition be dismissed with prejudice.[2] Luecke has filed timely objections to the R&R.[3] For the following reasons the Court **OVERRULES** Luecke's objections, **ADOPTS** the R&R, and **DISMISSES** the petition with prejudice.

## I. Background

On February 18, 2011, Petitioner Luecke pled guilty in Portage County Common Pleas Court to one count of felonious assault arising out of a June 2009 hit-and-run.[4] On August 10, 2011, Luecke pled guilty to three counts of rape and two counts of importuning in a separate case in the same court.[5]

---

[1] Doc. 1. Respondent Alan Lazaroff has filed a motion to dismiss. Doc. 11.
[2] Doc. 19.
[3] Doc. 22.
[4] Doc. 11-1; Doc. 11-2.
[5] Doc 11-7.

1

Case No. 5:14-CV-00241
Gwin, J.

On September 6, 2011, the trial court held a sentencing hearing with regard to both pleas. Luecke was sentenced to seven years for the felonious assault.[5] Luecke was then sentenced to life with parole available in ten years for the rape counts and three years for the importuning counts, with the sentences to run consecutively. The court ordered that the sentences for rape and importuning would run consecutive to the sentence for felonious assault.[6]

Luecke's § 2254 petition asserts four claims. First, the trial court violated Luecke's right to due process when it imposed consecutive sentences without justification. Second, the trial court violated Luecke's Eighth Amendment and Due Process rights when it imposed consecutive sentences without reviewing their proportionality. Third, Luecke's trial counsel was ineffective because he failed to investigate Luecke's psychiatric health; failed to explain the consequences of a plea to Luecke; and "scared" Luecke into pleading guilty. Fourth, Luecke's appellate counsel was ineffective because he failed to argue that trial counsel was ineffective.[5]

## II. Legal Standards

Under the Federal Magistrates Act, a district court shall conduct a *de novo* review of those potions of an R&R to which the parties have made an objection.[6] "However, the district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.' The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'"[7]

---

[5] Doc. 11-4.
[6] Doc. 11-8.
[5] Doc. 1.
[6] 28 U.S.C. § 636(b)(1).
[7] *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

2

Case No. 5:14-CV-00241
Gwin, J.

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.[8] Where there are no longer any state court remedies still available to a petitioner with respect to unexhausted claims, the Court may deem those claims procedurally defaulted.[9] Further, a federal court may not review "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."[10]

### III. Analysis

Magistrate Judge Vecchiarelli recommended that Luecke's first, third, and fourth grounds be dismissed as procedurally defaulted, and that Luecke's second ground be dismissed on the merits.

**A. Consecutive Sentences Imposed Without Justification**

The R&R recommends that Luecke's first ground for relief be dismissed because it was never fairly presented to the state courts as a claim under federal law. The R&R finds "that the appellate court considered Petitioner's claim as one arising under Ohio sentencing law. In sum, Petitioner failed to apprise the state courts that Luecke believed this claim involved federal law, and the state appellate court treated the claim as one arising solely under Ohio law."[11]

In his objections, Luecke argues that the state courts should have known he was making a claim under both Ohio law and federal law. Luecke says that he cited Supreme Court cases in his state court briefing. Luecke described his sentence as "contrary to law" and an "abuse of discretion," and says that the use of these phrases "could certainly, and most likely actually did, inform the state

---

[8] 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).
[9] *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).
[10] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).
[11] Doc. 19 at 13.

3

Case No. 5:14-CV-00241
Gwin, J.

appellate court that Petitioner was alleging both federal and state due process violations."[12]

A federal claim is fairly presented in state court when: (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged "facts well within the mainstream of constitutional law."[13]

While Luecke cited Supreme Court cases such as *Apprendi v. New Jersey* and *Blakely v. Washington* in his state briefing, generalized citations alone do not serve to present his specific argument in federal constitutional terms. Similarly, mere invocation of the phrases 'abuse of discretion' or 'contrary to law' do nothing to notify the state court that Luecke intended to make a federal constitutional claim. Luecke's objections do not show that he fairly presented his first ground to the state courts. Thus, his objections as to this claim are **OVERRULED**.

**B. Lack of Proportionality Review in Imposing Consecutive Sentences**

The R&R concludes that Luecke did fairly present his second claim to the state courts, but that the claim loses on the merits. The R&R concludes that the state trial court considered the proportionality of Luecke's aggregate sentence, and that he cannot show that "his sentence in this case was contrary to, or involved an unreasonable application of, clearly established federal law."[14]

Luecke does not make a specific objection to this conclusion. Instead, he merely reiterates his contention that this ground is not defaulted and is properly before the Court. Because Luecke

---

[12] Doc. 1 at 2.
[13] *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).
[14] Doc. 19 at 22.

Case No. 5:14-CV-00241
Gwin, J.

does not object to the substance of Magistrate Judge Vecchiarelli's analysis, his objection is **OVERRULED**.

### C. Ineffective Assistance of Trial and Appellate Counsel

In his objections, Luecke does not respond to Magistrate Judge Vecchiarelli's analysis as to why his third and fourth claims are procedurally defaulted. Instead, Luecke's brief criticizes the state's briefing in the case, and asks for an abeyance or dismissal without prejudice "to allow him time to correct this defect."[15] This objection misses the mark, as the R&R concludes that "Petitioner cannot return to state court to exhaust" either of these claims.[16] A stay or abeyance is therefore futile, and Luecke does not actually respond to this finding. Because Luecke's objections as to dismissing grounds three and four are frivolous and non-specific, the Court **OVERRULES** them.

### IV. Conclusion

For the foregoing reasons the Court **OVERRULES** the Petitioner's objections, **ADOPTS** Magistrate Judge Vecchiarelli's R&R and **DISMISSES** the petition with prejudice. Further, the certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certification of appealability.

IT IS SO ORDERED.

Dated: July 20, 2015　　　　　　　　　　s/     *James S. Gwin*
　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[15] Doc. 1 at 3.
[16] Doc. 19 at 18.

5